## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT COLE, | ) | CASE NO. 3:15-cv-880 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| JASON BUNTING, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Scott Cole ("Cole"), challenges the constitutionality of his conviction in the

case of *State v. Cole*, Wood County Court of Common Pleas Case No. 98-CR-149.  Scott, *pro se*,

filed a Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on May 4,

2015.  On July 16, 2015, Warden Jason Bunting of the Marion Correctional Institution

("Respondent") filed a Motion to Dismiss the petition as untimely.  (ECF No. 5.)  Cole did not

file a Traverse or any response.  For reasons set forth in detail below, it is recommended that

Cole's petition be DISMISSED as time barred.

### I. Procedural History

**A.    Conviction**

On July 15, 1998, a Wood County Grand Jury charged Cole with one count of aggravated

burglary in violation of Ohio Revised Code ("O.R.C.") § 2911.11; one count of felonious assault

in violation of O.R.C. § 2903.11(A)(1); one count of kidnapping in violation of O.R.C. §

2905.01; one count of rape in violation of O.R.C. § 2907.02; one count of attempted rape in

violation of O.R.C. §§ 2907.02 & 2923.02; and, two counts of attempted murder in violation of

O.R.C. §§ 2903.02 & 2923.02.  (ECF No. 5-1, Exh. 1.)

On November 25, 1998, Cole pleaded guilty to felonious assault, kidnapping, rape, and

attempted murder as charged in count six in exchange for the prosecutor's recommendation that

he be sentenced to a term of twenty (20) years in prison.  (ECF No. 5-1, Exhs. 3 & 4.)  On

December 28, 1998, the trial court sentenced Cole to an aggregate term of 27 years.  (ECF No. 5-

1, Exh. 4.)

**B.    Direct Appeal**[1]

On January 27, 1999, Cole, through counsel, filed a Notice of Appeal with the Court of

Appeals for the Sixth Appellate District ("state appellate court").  (ECF No. 5-1, Exh. 6.)

Cole raised the following assignments of error:

1.      Defendant-Appellant was denied dud [sic] process when the trial court erred in
        sentencing Defendant-Appellant for the offenses of attempted murder and
        felonious assault when such multiple sentencing is proscribed by Ohio Revised
        Code Section 2941.25.

2.      The trial court erred by not conducting a hearing to determine whether two
        offenses Defendant-Appellant pled to were allied and of similar import,
        and whether they were committed with a single animus.

3.      The trial court abused its discretion in sentencing Defendant-Appellant to

---

[1]  According to an email exhibit filed by Respondent, the Deputy Clerk of Court for
Wood County has indicated that many of the documents in this matter have been
destroyed due to the retention schedule for appeals cases.  (ECF No. 5-1, Exh. 5.)
Accordingly, Respondent indicates that he has relied on Westlaw's reporting of the
court's decision for much of the information contained in his motion.  (ECF No. 5 at 4 n.
2.)

terms disproportionate to his acts and without due consideration of statutory guidelines, thereby denying Defendant-Appellant his right to due process.

4. Defendant-Appellant's plea of guilty was not entered voluntarily, intelligently, and knowingly with a full understanding of the consequences of the plea as required by Rule 11 of the Ohio Rules of Criminal Procedure.

5. Defendant-Appellant received ineffective assistance of counsel in violation of his rights under the United States and Ohio Constitutions.

*State v. Cole*, 1999 WL 1203745, at *1 (Ohio Ct. App. Dec. 17, 1999).

In its decision, the state appellate court noted that "Appellant's first two assignments of error were withdrawn by appellant at oral argument, and therefore will not be addressed in this decision." *Cole*, 1999 WL 1203745 at *3. On December 17, 1999, the state appellate court affirmed Cole's convictions. *Id*.

Cole did not file an appeal with the Supreme Court of Ohio.

## C. Postconviction Relief

On December 16, 2000, Cole filed a letter with the trial court, which was construed as a motion for judicial release. (ECF No. 5-1, Exh. 8.) On January 3, 2001, the motion was denied. ECF No. 5-1, Exh. 9.)

Many years later, on September 2, 2008, Cole filed a motion for leave for a modification of sentence. (ECF No. 5-1, Exh. 10.) On October 29, 2008, he motion was denied. (ECF No. 5-1, Exh. 11.)

On March 26, 2014, Cole filed a "Motion for Allied Offense Determination," whicvh was denied. (ECF No. 5-1, Exhs. 12 & 13.)

Cole did not appeal any of these decisions.

-3-

**D.      Application to Reopen Appeal**

On June 13, 2014, Cole, *pro se*, filed an application to reopen his appeal pursuant to Ohio

Appellate Rule 26(B) raising the following alleged instances of ineffective assistance of appellate

counsel:

1.      Defendant-Appellant was denied Due Process when the trial court erred in
sentencing Defendant-Appellant for the offenses of attempted murder and
felonious assault when such multiple sentencing is proscribed by Ohio
revised Code Scetion [sic] 2941.25.

2.      The trial court erred by not conducting a hearing to determine whether two
offenses Defendant-Appellant pled to were allied and similar import, and
whether they were committed with single animus.

(ECF No. 5-1, Exh. 14.)

On July 23, 2014, the state appellate court dismissed the application as untimely and

without good cause for delay.  (ECF No. 5-1, Exh. 16.)

On August 14, 2014, Cole, *pro se*, filed a Notice of Appeal with the Supreme Court of

Ohio, subsequently raising the following propositions of law:

1.      Appellant/Defendant was denied right to appeal.

[Because] my Appeal Counsel withdrew revisible [sic] error which had the
tendacy [sic] to reduce my sentence, and/or by failing to inform me
afterwards that I had a right to re-open such appeal in a timely manner with
or without his assistance.

2.      Appellant/Defendant was denied right to effective assistance of counsel on
appeal.

[Because] my Appeal counsel did the above rendered ineffective assistance
of appeal counsel, and/or by him failing to raise ineffective assistance of
trial counsel.

3.      Appeal Court denial of reopening denied due process of law

-4-

[Because] good cause was shown pursuant to meaning of App. R. 26(b).

(ECF No. 5-1, Exh. 18.)

On November 5, 2014, the Supreme Court of Ohio declined to accept jurisdiction of the

appeal pursuant to S. Ct. Prac. R. 7.08(B)(4).  (ECF No. 5-1, Exh. 19.)

**E.      Federal Habeas Petition**

On May 4, 2015, Cole filed a Petition for Writ of Habeas Corpus asserting the following

grounds for relief:

GROUND ONE: Petitioner was denied right of appeal.

Supporting Facts:  [Because] my appeal counsel withdrew submitted reversible
error which had the tendency to reduce my sentence and/or by failing to inform
me afterwards I had a right to re-open such appeal (in a timely manner).  To
dispute and/or raise such.

GROUND TWO: Petitioner was denied right to effective assistance of counsel on
appeal.

Supporting Facts: [Because] my appeal counsel did the above (mentioned in
Ground One) and/or by failing to raise ineffective assistance of trial counsel for
failing to object to a sentence contrary to law & due process.

GROUND THREE: Petitioner was denied due process of law.

Supporting Facts: [Because] the appeal court denied re-opening of appeal
knowing that the "good cause" requirement pursuant to App. Rule was established
mainly after a clear recorded showing that appellate counsel withdrew reversible
and/or probable error.

(ECF No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The

relevant provisions of AEDPA state:

>(d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

## A.    One-Year Limitation

In the instant action, Respondent asserts that Cole's petition is time-barred because he did not file within the one-year limitations period.  Respondent contends that Cole's conviction became final on January 31, 2000, forty-five (45) days after the state appellate court affirmed his conviction and the time to file a timely notice of appeal with the Supreme Court of Ohio expired. (ECF No. 5 at 5, 8-10.)  The Court agrees.

-6-

The statute of limitations commenced on February 1, 2000 and ran unabated for 329 days

until at least December 26, 2000 when Cole filed a motion for judicial release.  The AEDPA tolls

the one-year limitations period during the time "'a properly filed application for State

postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S.

189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d

780, 787 (6th Cir. 2003).  "The time that an application for state postconviction review is 'pending'

includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing

of a notice of appeal, provided that the filing of the notice of appeal is timely under state law."  *Id.*

Only "properly filed" applications for postconviction relief or collateral review toll the statute of

limitations, and "a state postconviction petition rejected by the state court as untimely is not

'properly filed' within the meaning of § 2244(d)(2)."  *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3

(2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their

form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it

was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No.

2:08cv1168 (S.D. Ohio Jan. 8, 2009).  Thus, assuming the statute of limitations tolled while Cole's

motion for judicial release was pending, it did not resume running until January 9, 2001    the day

after the state court denied Cole's motion.  (ECF No. 5-1, exh. 9.)

The statute of limitations ran for an additional thirty-six (36) days until February 13, 2001

the last day a habeas petition would have been deemed timely.  None of Cole's other state court

filings served to toll the statute of limitations, which had already expired.  Even a timely filed state

post-conviction matter cannot serve to toll a statute of limitations which already expired before the

motion was filed.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  Section 2244(d)(2)'s

tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).  Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).  Here, the statute of limitations began running on February 1, 2000 and expired no later than February 14, 2001.  Cole's next state court filing, a motion to modify his sentence, did not occur until September 2, 2008.  (ECF No. 5-1, Exh. 10.)  This filing, and all subsequent filings, could have no tolling effect on the already expired statute of limitations.

Without the benefit of equitable tolling or a claim where the factual predicate would have started the statute of limitations much later, the instant petition is untimely and should be dismissed.  Cole has not made either argument.  The Court finds that equitable tolling is not appropriate.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable).  In order to be entitled to equitable tolling, Cole would have been requited to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights."  *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).  It is difficult to imagine a circumstance where a petitioner could be construed

-8-

as having been diligently pursuing his rights during a fourteen year delay.  As Cole has failed to establish both diligence and an extraordinary circumstance that prevented his timely filing, equitable tolling is inappropriate.

Finally, in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 185 L. Ed. 2d 1019 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations.  "A petitioner may claim actual innocence for the purposes of equitable tolling, even if his conviction was the result of a plea." *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008) (*citing Bousley*, 523 U.S. at 623; *Waucaush v. United States*, 380 F.3d 251, 258 (6th Cir. 2004) (finding petitioner actually innocent of charge to which he pled guilty).  In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Here, Cole has not argued that he is actually innocent, nor has he set forth any new evidence.

### III. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: January 22, 2016

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).