UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT COLE, | ) | Case No.: 3:15 CV 880 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JASON BUNTING, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On May 4, 2015, Petitioner Scott Cole ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 1998 state court conviction, where Petitioner pleaded guilty to felonious assault, kidnapping, rape, and attempted murder. Petitioner argues that his Petition should be granted based on the following grounds:

Ground One: Petitioner was denied right of appeal.

Ground Two: Petitioner was denied right to effective assistance on appeal.

Ground Three: Petitioner was denied due process of law.

(*See* Pet. at 5-6, ECF No. 1.) The court referred the case to Magistrate Judge Greg White for preparation of a Report and Recommendation ("R&R"). Respondent Warden of Marion Correctional Institution ("Respondent") filed a Motion to Dismiss on July 16, 2015 (ECF No. 5). Petitioner did not file a Traverse or Brief. The Magistrate Judge submitted his R&R (ECF No. 6) on January 22, 2016, recommending that the court dismiss the Petition as time barred, since Petitioner waited fourteen years after the AEDPA's one-year statute of limitations expired to file his

Petition. The Magistrate Judge also concluded that application of equitable tolling or proof of actual innocence to overcome the expiration of the statute of limitations would be inappropriate, since Petitioner had not established the requirements necessary for either benefit. A copy of the R&R was mailed to Petitioner on January 22, 2016.

As of the date of this Order, no objections to the R&R have been filed. The Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, the Supreme Court stated, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." 474 U.S. 140, 150 (1985). Furthermore, by declining to object, the parties have waived the right to appeal the district court's decision adopting the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Arn*, 474 U.S. at 155.

The court reviewed the Magistrate Judge's R&R and finds no clear error. Accordingly, the court adopts as its own the Magistrate Judge's R&R (ECF No. 6). The court dismisses Petitioner's Writ of Habeas Corpus (ECF No. 1). The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 29, 2016